IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRYN WHYE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. GLR-14-28 |
| P. A. MOSS, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Pending before the Court is Defendants Andrew Moultrie and John Moss's ("Defendants") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 8), and Motion to Seal (ECF No. 10). As a courtesy to Plaintiff Darren Whye, the Clerk's office issued a Rule 12/56 Letter advising him of his duty to respond to the Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 9). Nevertheless, Whye's time to respond to both Motions has expired. Accordingly, the Motions will be considered unopposed. No hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons that follow, the Motions will be granted.

**I. Background**

Whye, a Maryland Division of Correction prisoner incarcerated at Jessup Correctional Institution ("JCI"), is a forty-nine-year-old male who suffers from asthma, depression, Benign Prostatic Hyperplasia ("BPH"), and chronic prostatitis (a persistent bacterial infection of the prostate lasting more than three months). (See Mot. Dismiss, Ex. 1 ["Medical Records"], ECF No. 8-4); (see also Mot. Dismiss, Ex. 2 at ¶¶ 4, 7 ["Affidavit of Andrew Moultrie, M.D"], ECF No. 8-5). He is regularly seen and evaluated by medical providers in JCI's chronic care clinic

concerning his chronic prostate problems. (Affidavit of Andrew Moultrie, M.D ¶ 5). Whye, however, does not always take his medications as prescribed. (Medical Records at 89).

Whye filed a civil rights Complaint, as amended, pursuant to 42 U.S.C. § 1983 (2012), naming JCI Medical, Physicians' Assistant John Moss, Damon Fayall, Dr. Andrew Moultrie, and "Nurse Janet," alleging deliberate indifference to his medical needs in violation of the Eighth Amendment.[1]  Whye seeks injunctive relief requiring Defendants to approve him for surgery for an enlarged prostate and money damages for pain and suffering. (ECF Nos. 1 and 3).

On April 28, 2014, Defendants filed their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On August 8, 2014, Defendants moved to Seal the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Whye has failed to respond.

## II. Discussion

A.  **Motion to Seal**

Defendants seek authorization to file their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment under seal because it contains sensitive and confidential information related to Whye's medical condition. Local Rule 105.11 requires: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections." Local Rule 105.11 (D.Md. 2014). Compliance with Local Rule 105.11 allows the Court to engage in the mandatory analysis outlined by the United States Court of Appeals for the Fourth Circuit. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 179-80 (4th Cir.

---

[1] Defendant JCI Medical was dismissed because is not an entity subject to suit. (See ECF No. 5). Defendants Damon Fayall and "Nurse Janet" were also dismissed after Whye failed to allege how they were responsible for denying medical care. (See id.).

1988) ("[T]his court established a set of procedures which must be followed when a district court seals judicial records or documents.").

Under this mandatory analysis, the Court should (1) determine the source of the public right of access to the documents to be sealed; (2) give the public notice of a request to seal and a reasonable opportunity to challenge it and consider less drastic alternatives to sealing; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.  See id. at 180-81.

The Court finds that the public holds a First Amendment interest in the parties' summary judgment briefs.  See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) ("[A] more rigorous First Amendment standard should apply . . . to documents filed in connection with a summary judgment motion in a civil case.").  Under the First Amendment, sealing a record "must be necessitated by a compelling government interest and narrowly tailored to serve that interest."  Id. (citing Press–Enter. Co. v. Superior Court, 464 U.S. 501, 510 (1984)).  Here, Defendants have placed into the public record Whye's medical records as an exhibit in support of its Motion.  These records contain sensitive and personal medical information, some of which bear no relevance to the instant case.  The need to protect confidential medical information serves an important governmental interest and there are no less restrictive means to serve that interest.  Moreover, the Court finds that the public notice and challenge requirement has been satisfied because the Motion to Seal has been pending for 116 days.  Accordingly, Defendants' uncontested Motion to Seal will be granted.

B.     **Motion to Dismiss or, in the Alternative, Motion for Summary Judgment**

    **1.     Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

"When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (alteration in the original) (quoting Fed.R.Civ.P. 12(b)) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." Anderson, 477 U.S. at 247-48 (alteration in the original).

A "material fact" is one that might affect the outcome of a party's case. <u>Id.</u> at 248; <u>see also</u> JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; <u>accord</u> Hooven-Lewis, 249 F.3d at 265.

Here, because the Court will consider matters outside of the pleading, Defendants' Motion will be construed as a Motion for Summary Judgment.

**2. Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). Prisoners are entitled to reasonable medical care. Blanks v. Cunningham, 409 F.2d 220, 221 (4th Cir. 1969) (citing Hirons v. Director, 351 F.2d 613 (4th Cir. 1965)). To state a constitutional claim for inadequate medical care, however, a plaintiff must demonstrate deliberate indifference to a serious medical need. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Farmer v. Kavanagh, 494 F.Supp.2d 345, 361 (D.Md. 2007).

"Deliberate indifference" requires that the defendant prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Johnson, 145 F.3d at 167 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)) (internal quotation marks omitted). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional

circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3rd Cir. 1970)).  Questions of medical judgment are not subject to judicial review, and neither malpractice nor negligent diagnosis states a constitutional violation under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105–06; Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986).

A review of the record shows Whye received substantial medical treatment, testing, and medication including diagnosis and treatment by outside specialists and regular monitoring in the JCI's chronic care clinic.  Whye has acknowledged to health care providers that he is not fully compliant with his medication regimen.  He disagrees with the clinical decision to monitor his prostate problems and treat them conservatively before resorting to surgery.  Such disagreement, however, does not establish an Eighth Amendment claim of deliberate indifference.  Accordingly, Defendants are entitled to summary judgment as a matter of law.

### III. Conclusion

For the reasons given above, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 8), and Motion to Seal (ECF No. 10), are GRANTED.  A separate Order will follow.

Entered this 8th day of December 2014

/s/
_____
George L. Russell, III
United States District Judge